**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KEVIN GUILLERMO HENAO VICTORIA,

*Petitioner*,

v. No. 1:26-cv-00918-SMD-KK

RAY CARNES, *et al*.,

*Respondents*.

**ORDER**

Before the Court is Petitioner Kevin Guillermo Henao Victoria's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus ("Petition"), filed on March 26, 2026. Doc. 1. Petitioner, a citizen of Columbia, entered the United States legally in June of 2018 as a B2 nonimmigrant visitor for pleasure. Doc. 7 at 1. Following the expiration of his visa on December 19, 2018, Petitioner remained in the United States and continues to reside here. *Id.* at 1–2.

On July 21, 2025, local law enforcement arrested Petitioner on a charge of contempt of court for failure to appear for a traffic offense. *Id.* at 2. After Petitioner's release from state custody, immigration authorities detained him. *Id.*

On August 26, 2025, an immigration judge ("IJ") conducted a bond hearing for Petitioner. *Id.* The IJ denied bond, concluding that Petitioner "has not met his burden of showing that he is not a flight risk." *Id.* Petitioner appealed the bond denial. *Id.*

On September 9, 2025, an IJ issued an order of removal and directed that Petitioner be removed to Columbia. *Id.* at 3. Petitioner appealed this removal order as well. *Id.* The Executive Office for Immigration Review's ("EOIR") automated case information system[1] indicates that the

[1] EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation/ (last visited August 4, 2026).

Board of Immigration Appeals ("BIA") received Petitioner's appeal on October 7, 2025 and his brief on February 27, 2026. The EOIR system indicates that the BIA never received a brief form DHS. The appeal remains pending.

**LEGAL STANDARD**

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

**DISCUSSION**

**I. Statutory Framework: 8 U.S.C. § 1226**

The Tenth Circuit recently clarified that "§ 1225 generally applies at the border while § 1226 applies in the country's interior." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235 (10th Cir. 2026). Applying statutory interpretation principles and the doctrine of constitutional avoidance, the Tenth Circuit explicitly limited the application of § 1225 to individuals apprehended at the border. *Id.* at 1250.

Because Petitioner's removal order remains under appeal, it is not administratively final. The parties do not dispute that Petitioner was apprehended and detained within the interior of United States. *See* Doc. 7 at 2. Under the binding authority of *Santillan Quiroz*, this Court must apply § 1226, rather than § 1225, to Petitioner's detention.

The remaining issue before this Court is whether Petitioner is entitled to further habeas relief, given that he has already received a bond hearing and was denied bond.

The IJ placed the burden of proof on Petitioner at the bond hearing. *See* Doc. 7-3 at 3. The IJ noted that he considered "all relevant factors," including Petitioner's local family ties, length of residence in the community, prior arrests, convictions, record of appearances at hearings, employment history, membership in community organizations, etc. *Id.* at 2. Ultimately, the IJ denied bond based on three main findings: first, that Petitioner overstayed his nonimmigrant visa and showed a disregard for immigration laws; second, that Petitioner failed to appear in state court for traffic offenses; and third, that Petitioner lacked a viable pathway to relief because the Form I-130 filed by his United States citizen spouse remains pending. *Id.* at 3.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. *See Dong v. Mullin*, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); *Grant-Davis v. Anda-Ybarra*, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026).

Neither the Supreme Court nor the Tenth Circuit has directly addressed whether requiring the noncitizen to bear the burden of proving that he is neither a danger to the community nor a flight risk at a § 1226(a) bond hearing violates due process. *Enriquez v. Mullin*, No. 26CV641 JB/JFR, 2026 WL 2124044, at *6 (D.N.M. July 23, 2026). There is a split among the Circuits that have considered the question. *Id.*

Both the First and the Second Circuits have held that when a noncitizen is subject to prolonged immigration detention, the appropriate remedy is a bond hearing at which the government bears the burden of proving dangerousness or flight risk by clear and convincing

evidence. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021); *Velasco Lopez v. Decker*, 978 F.3d 842, 855–57 (2d Cir. 2020). Both circuits reached this conclusion by applying the three-factor balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 318 (1976).

Multiple district judges in this District and Circuit have come to the same conclusion. *See, e.g., Enriquez v. Mullin*, 2026 WL 2124044, at *8; *Peña Becerra v. Sparks*, No. 2:26-CV-00212-JNP-DBP, 2026 WL 915439, at *7 (D. Utah Apr. 3, 2026); *Mieles-Parraga v. Bondi*, No. 2:26-CV-00646-KG-JHR, 2026 WL 776489, at *2 (D.N.M. Mar. 19, 2026); *Abanil v. Baltazar*, No. 25-CV-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026); *Lopez-Romero v. Lyons*, No. 2:25-CV-01113-MIS-JHR, 2026 WL 92873, at *1 (D.N.M. Jan. 13, 2026); *Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1284 (D.N.M. Jan. 12, 2026).

The Court agrees with the precedents within in the District and Circuit and finds that the IJ applied an erroneous burden of proof by requiring Petitioner to demonstrate that he did not pose a flight risk.

**II. Alternatively, Petitioner's Continued Detention Violates Due Process.**

The Court acknowledges that the IJ's findings are relatively detailed and accompanied by a four-page memorandum. However, even if the IJ's bond denial was adequate, Petitioner has been held in prolonged detention in violation of his constitutional rights. *See Dong*, 2026 WL 1959357, at *2.

Petitioner has been detained at the Torrance County Detention Center since August 26, 2025. Doc. 1 at 4. His detention has now spanned over eleven months, approaching a full year. The initial bond determination was also made nearly a year ago. Doc. 7 at 2. Furthermore, Petitioner's appeal of his removal order has been pending before the BIA since October 2025, with no decision rendered despite DHS missing its filing deadline. At this point, Petitioner's detention

can no longer be justified as a reasonable means to effectuate his removal. Where detention becomes indefinitely prolonged, "[s]uch imprisonment is impermissible punishment rather than detention pending deportation." *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1385–90 (10th Cir. 1981); *Mardanpour v. Warden*, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *3 (D.N.M. Apr. 9, 2026).

Considering Petitioner's prolonged detention, the Court finds that due process requires his immediate release, rather than a new bond hearing using the correct burden of proof. Respondents remain free to subject Petitioner to appropriate release conditions and to continue ongoing removal proceedings. Should Petitioner's removal order become administratively final, Respondents may take appropriate action at that time in accordance with the constitutional safeguards.

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition (Doc. 1) is **GRANTED**;
2) Respondents shall release Petitioner within 48 hours of this Order being entered, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3) Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or

copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without first providing him with constitutionally compliant procedures, such as a valid final order of removal and concrete travel plans to remove Petitioner from the United States;

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**